IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| DEMETRIS J. FULFORD, #203788, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CASE NO. 2:16-CV-1004-WKW |
| | ) | [WO] |
| MARKIS L. CRAWFORD, | ) | |
| | ) | |
| Defendant. | ) | |

## RECOMMENDATION OF THE MAGISTRATE JUDGE

This 42 U.S.C. § 1983 action is pending before the court on a complaint filed by Demetris J. Fulford, an indigent state inmate incarcerated at the Bullock Correctional Facility. In the instant complaint, Fulford alleges that defendant Crawford, a correctional officer assigned to Bullock, acted with deliberate indifference to his safety when Crawford left him handcuffed for several hours in his segregation cell on October 2, 2016. Doc. 1 at 3. In support of this allegation, Fulford asserts he "could have been physically abuse[d] or sexual assaulted" by his cell mate during this time. Doc. 10 at 1. Fulford, however, suffered no harm at the hands of his cell mate during the time he remained in handcuffs. Doc. 24-1 at 30.

Pursuant to the orders of this court, defendant Crawford filed special reports supported by relevant evidentiary materials, including affidavits and medical records, in which he addressed the claim for relief presented by Fulford. The reports and evidentiary materials indicate that Crawford did not act with deliberate indifference to Fulford's

safety. Specifically, these undisputed materials establish that Crawford had no knowledge of any substantial risk of harm to Fulford. Doc. 24-2 at 2; *see Cottone v. Jenne*, 326 F.3d 1352, 1358 (11th Cir. 2003) (holding that a constitutional violation occurs only "when a substantial risk of serious harm, of which the official is subjectively aware, exists and the official does not respond reasonably to the risk"). In addition, Fulford could have at any time advised correctional officers assigned to the segregation unit that he was in handcuffs, but did not do so until approximately 10:00 p.m. during a security check. Docs. 34-4 at 2–3, 24-2 at 2 & 24-3 at 2. As soon as Fulford made correctional officers aware of his predicament, they removed his handcuffs and transported him to the health care unit for evaluation. Docs. 27-1 at 1–2 & 27-2 at 1–2. Other than some "redness" to Fulford's wrists, the attending nurse noted no other injuries. Doc. 24-1 at 30.

The court issued an order directing Fulford to file a response to the defendants' written reports. Doc. 30. This order advised Fulford that his failure to respond to the reports filed by the defendants would be treated by the court "**as an abandonment of the claim[] set forth in the complaint and as a failure to prosecute this action**." Doc. 30 at 1. Additionally, the order "**specifically cautioned [the plaintiff] that [his failure] to file a response in compliance with the directives of this order**" would result in the dismissal of his civil action. Doc. 30 at 1. The time provided for Fulford to file a response to the defendant's special reports expired on August 28, 2017. As of the present

date, Fulford has failed no response. The court therefore concludes that this case should be dismissed.

The court has reviewed the file to determine whether a measure less drastic than dismissal is appropriate. *See Abreu-Velez v. Bd. of Regents of Univ. System of Ga.*, 248 F. App'x 116, 117–18 (11th Cir. 2007). After this review, the court finds that dismissal of this case is the proper course of action. Initially, the court notes that Fulford is an indigent individual and the imposition of monetary or other punitive sanctions against him would be ineffectual. Moreover, Fulford's inaction in the face of the defendant's reports and evidence suggests a loss of interest in the continued prosecution of this case. Finally, the undisputed evidentiary materials submitted by the defendants demonstrate that no violation of the Constitution occurred—*i.e.*, that the defendant did not act with deliberate indifference to Fulford's safety. It therefore appears that any additional effort by this court to secure Fulford's compliance would be unavailing and a waste of this court's scarce resources. Consequently, the court concludes that Fulford's abandonment of his claims and his failure to comply with an order of this court warrant dismissal. *See Moon v. Newsome,* 863 F.2d 835, 837 (11th Cir. 1989) (holding that, generally, where a litigant has been forewarned, dismissal for failure to obey a court order is not an abuse of discretion).

For these reasons, it is the RECOMMENDATION of the Magistrate Judge that this case be dismissed without prejudice for Fulford's failure to comply with an order of this court.

It is further ORDERED that on or before **September 28, 2017** the parties may file objections to the Recommendation. A party must specifically identify the factual findings and legal conclusions in the Recommendation to which the objection is made. Frivolous, conclusive, or general objections to the Recommendation will not be considered. Failure to file written objections to the Magistrate Judge's findings and recommendations in accordance with the provisions of 28 U.S.C. § 636(b)(1) shall bar a party from a *de novo* determination by the District Court of legal and factual issues covered in the Recommendation and waives the right of the party to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. 11th Cir. R. 3-1; *see Resolution Trust Co. v. Hallmark Builders, Inc.*, 996 F.2d 1144, 1149 (11th Cir. 1993); *Henley v. Johnson*, 885 F.2d 790, 794 (11th Cir. 1989).

DONE this 14th day of September, 2017.

_____
GRAY M. BORDEN
UNITED STATES MAGISTRATE JUDGE